**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Geovani Alexander SALES, a.k.a. Geovani Alexander Sales–Velasquez,
Defendant–Appellant.**

No. 12–13403
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 6, 2013.

Robert Benjamin Cornell, U.S. Attorney's Office, Fort Lauderdale, FL, Antonia J. Barnes, U.S. Attorney's Office, West Palm Beach, FL, Wifredo A. Ferrer, Carol Herman, Anne Ruth Schultz, U.S. Attorney's Office, Miami, FL, Carmen M. Lineberger, U.S. Attorney's Office, Fort Pierce, FL, for Plaintiff–Appellee.

Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, Fletcher Peacock, Federal Public Defender's Office, Fort Pierce, FL, for Defendant–Appellant.

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Geovani Alexander Sales appeals his 97–month total prison sentence imposed after he pled guilty to conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a); carrying and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (o); and illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a)(1), (b)(1). Sales contends the district court erred in applying a two-level aggravating-role enhancement, pursuant to U.S.S.G. § 3B1.1(c), because the facts are insufficient to support the enhancement.

Section 3B1.1(c) provides a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants or was not "otherwise extensive" within the meaning of § 3B1.1(a) and (b). U.S.S.G. § 3B1.1(c). A defendant's assertion of control over only one other participant is sufficient to sustain a § 3B1.1(c) role enhancement. *Id.* § 3B1.1, comment. (n.2); *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir.2004). A "participant" is a person who is criminally responsible for the offense, even if not convicted. U.S.S.G. § 3B1.1, comment. (n.1). In *Mandhai*, we determined that the district court properly applied a § 3B1.1(c) enhancement where the defendant recruited one other individual into a terrorist plot, prompted that individual to purchase weapons, and briefed him on the bombing plan. *Mandhai*, 375 F.3d at 1248.

Additionally, the commentary to § 3B1.1 sets out several factors for courts to consider in determining if one is an organizer or leader, as opposed to a mere manager or supervisor, including the following: (1) the defendant's exercise of decision making authority; (2) recruiting accomplices; (3) the claimed right to a larger share of the proceeds; (4) the degree of participation in planning or organizing the crime; and (5) the degree of control and

authority exercised over others. U.S.S.G. § 3B1.1, comment. (n.4).

Sufficient facts support the district court's application of the § 3B1.1(c) aggravating-role enhancement.[1] Sales, along with one other participant, organized and planned the robbery. Sales recruited a third co-conspirator. Similar to the defendant in *Mandhai*, who exercised control or influence over a recruit by prompting him to buy a weapon and briefing him on the bombing plot, Sales discussed the robbery with his recruit and directed him where and when to drive. *See Mandhai*, 375 F.3d at 1248. Additionally, Sales decided how to compensate each participant from the robbery's proceeds and planned to keep the bulk of the proceeds for himself. Accordingly, the district court did not clearly err[2] in determining that Sales was subject to an aggravating-role enhancement under § 3B1.1(c). We affirm Sales' total sentence.

**AFFIRMED.**

---

1. While Sales contends the Government did not prove the facts relied on for the enhancement with "reliable and specific evidence," *see United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir.1999), Sales admitted the facts as set forth in the PSI at sentencing. *See* Sentencing Transcript at 4–5. Thus, the facts were undisputed and met the "reliable and specific evidence" standard.

2. We review for clear error the district court's determination that a defendant is subject to an aggravating-role enhancement under § 3B1.1(c). *United States v. Jiminez*, 224 F.3d 1243, 1250–51 (11th Cir.2000).